IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BARBARA M. BUSH,          * <br>       Plaintiff <br>    v.                                       * CIVIL ACTION NO. AMD-07-269 <br> JOHN COLIANO                        * <br> MARYLAND FEDERAL BUREAU OF <br>    INVESTIGATION                  * <br> WILLIE EVANS <br> MARYLAND U.S. MARSHALS SERVICE  * <br> U.S. DEPARTMENT OF JUSTICE <br> ALBERTO GONZALES,            * <br>       Defendants <br>                                       *** | |

MEMORANDUM

On May 8, 2006, a two-count indictment charged plaintiff with mailing threatening communications, in violation of 18 U.S.C. § 876(c). *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.). The criminal docket reveals that plaintiff has twice received the appointment of CJA counsel and that a joint motion for court-ordered psychiatric examination was recently granted.

Plaintiff, who is detained at the Northern Neck Regional Jail ("NNRJ") in Warsaw, Virginia, filed this tort and civil rights complaint seeking release from detention and $750,000.00 in damages. She names United States Attorney Alberto Gonzales under the doctrine of *respondeat superior* for the actions of Federal Bureau of Investigation Agent John Coliano and United States Marshal Willie Evans. Paper No. 1. Plaintiff claims that Coliano visited her home in 2005 and determined that she had not sent threatening communications through the mail and that her "civil argument" did not "convey a determination or intent to injure, presently or in the future." *Id*. She further alleges that U.S. Marshal Willie Evans visited her home in February 2006 and likewise determined that she did not send a threatening communication through the mail and that the written words and phrases in

her civil argument were harmless. Paper No. 1. She alleges a conspiracy claim against Coliano and Evans under Title 18[1] and that they failed to issue a written finding as to an alleged investigation into the deprivation of her "federally protected" civil rights. *Id*.

Plaintiff seemingly claims that if not for Coliano and Evans's failure to arrest her at an earlier stage, she would not have submitted additional "appeal" papers in her federal litigation that resulted in criminal charges. *Id*. She complains that their actions constituted entrapment in that she was induced to commit the act so that Coliano and Evans could charge her with the offenses.

Finally, plaintiff alleges that she has been detained for approximately nine months without a jury trial. *Id*. She maintains that:

> The wrongful detention has plaintiff under dire duress of imprisonment and restraint. The duress of imprisonment and restraint of plaintiff's liberties is a fraudulent act to compel plaintiff to do some act she would not otherwise do. Plaintiff demanded a trial by jury around May 8, 2006, last year.

*Id*.

Because she appears indigent, plaintiff's motion for leave to proceed in forma pauperis shall be granted. Her complaint shall be dismissed without requiring a response from defendants.

To the extent that plaintiff is attempting to raise tort claims under this court's diversity jurisdiction the cause of action fails to meet the threshold requirements under 28 U.S.C. § 1332 as plaintiff has failed to demonstrate that she and defendants are domiciled in different states. For the purpose of § 1332(a), an individual's citizenship is determined by domicile. *See Williamson v. Osenton*, 232 U.S. 619, 624-25 (1914). A party's domicile is established at the time a case is filed, *see Freeport-McMoRan v. KN Energy, Inc.*, 498 U.S. 426, 428-29(1991), and it is determined by

---

[1] "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987).

the party's place of residence and intent to remain in that place indefinitely. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). It is well-established that a prisoner does not acquire a new domicile when she is incarcerated in a state different from her previous domicile. Instead, the prisoner retains her pre-incarceration domicile. *See* 15 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 102.37[8][a] (3d ed.1999) (collecting cases).

In the Second, Sixth, Seventh, and Eighth Circuits, the presumption is rebuttable; thus, although a prisoner is presumed to retain her former domicile, she can attempt to demonstrate that she has established a new domicile in her state of incarceration. *See Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2$^d$ Cir. 1979); *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991); *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977); *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973). The court record shows that plaintiff, a frequent filer in this court, has maintained a Maryland address since at least 1996. When arrested on federal charges she was initially confined at the Montgomery County Correctional Facility in Boyds, Maryland, and was only transferred to the NNRJ in August 2006.[2]   Plaintiff has not argued, nor can she plausibly maintain, that she has acquired a new domicile in Virginia.

To the extent that plaintiff is seeking compensation for her arrest and detention under a civil rights theory, the case shall be summarily dismissed without prejudice as her complaint for damages is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004). A judgment in favor of plaintiff with regard to her arrest, detention, and criminal prosecution would bring into question the validity of her federal criminal proceedings. Under the rule of *Heck*, therefore, her civil rights claims for damages may not proceed in this court

---

[2]*See Bush v. Hull*, Civil Action No. AMD-06-3430 (D. Md.).

at this time. *See Crow v. Perry*, 102 F.3d 1086, 1087 (10th Cir. 1996); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (*Heck* applies to 28 U.S.C. § 1331 civil rights actions).[3] An Order follows.

Filed: February 7, 2007    \_\_/s/_____
                          Andre M. Davis
                          United States District Judge

---

[3] Insofar as plaintiff wishes to assert constitutional violations related to the legality of her arrest and detention and seeks release from confinement, she is advised to contact her court-appointed criminal defense counsel.